UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREND MICRO INCORPORATED,<br>    Plaintiff,<br><br>        v.<br><br>RPOST HOLDINGS, INC., et al.,<br>    Defendants. | Case No. 13-cv-05227-VC<br><br>**ORDER OF STAY**<br>Re: Dkt. No. 70 |

    Plaintiff Trend Micro Inc. brings this action against Defendants RPost Holdings, Inc. and RPost Communications Limited (together, "RPost"), seeking a declaratory judgment that Trend Micro has not infringed the four patents at issue and that these patents are invalid. The ownership of the patents is disputed and is scheduled to be resolved by jury trial in Los Angeles County Superior Court on November 3, 2014. Trend Micro has moved to stay the federal declaratory judgment action pending resolution of the state litigation. The motion is granted.

    If the current defendants are found not to own the patents at issue, they will lack standing to pursue their counterclaims, and there will be no case or controversy to support a declaratory judgment action against them. It would be a waste of the parties' and the Court's resources to proceed with this case, only to later learn that it involves the wrong defendants.

    Several cases involving RPost patents, pending in the Eastern District of Texas, have already been stayed. (*See* Mot. Stay, Ex. L). Although those are infringement actions, RPost cites—and the Court has found—no authority to support its contention that it is improper to grant a similar stay in a declaratory judgment action.

    Any delay in resolving this lawsuit will not prejudice RPost. If the two RPost entities named in this lawsuit are found not to own the patents at issue, they will not have to expend resources defending litigation to which they are not proper parties. If, instead, the state court

determines that these entities do own the patents at issue (and if they ultimately prevail on their counterclaims), they can seek damages for any infringement by Trend Micro during the stay. RPost argues that a stay will require it to remain party to litigation "in which it should not be involved." (Opp'n 11). This contention, however, is belied by the fact that RPost not only sent cease and desist letters to Trend Micro, but initiated its own infringement action. Any "cloud of litigation" hanging over RPost is thus one of its own making.

On the other hand, if this lawsuit proceeds before the ownership of the patents is adjudicated, Trend Micro faces the possibility that it will carry out this litigation, only to find that it has to begin again against different defendants. In addition, the uncertainty surrounding ownership of the patents likely makes settlement of this lawsuit more difficult, if not impossible.

Although RPost argues that Trend Micro is trying to have it both ways by insisting there is a live controversy while asserting the case should be stayed because ownership of the patents is in doubt, that is not the case given RPost's own conduct. RPost sent two cease and desist letters to Trend Micro, asserting that Trend Micro was infringing its patents, identifying the allegedly infringing products, and, implicitly at least, threatening litigation. (*See* Compl. Exs. A, B). And RPost has not been shy about filing lawsuits asserting infringement of these and related patents; as mentioned above, it has filed many such lawsuits in the Eastern District of Texas. Indeed, RPost turned around and filed a separate suit against Trend Micro in the Eastern District of Texas for infringement of the same patents at issue in this case, s*ee RPost Holdings, Inc. v. Trend Micro Inc.*, No. 14-cv-2824, even though it had no apparent reason to do so (other than to be vexatious) given that it filed infringement counterclaims in this case. Accordingly, it is difficult to accept RPost's contention that its cease-and-desist letters to Trend Micro did not give rise to an immediate dispute over the patents and that Trend Micro should have waited until the California litigation is resolved before filing its declaratory judgment action. *See SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) ("[W]here a patentee asserts rights

under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise."). Under the circumstances, Trend Micro had every right to file a declaratory judgment action, and the fact that it needed to do so does not weaken the argument that it is in everyone's best interest to stay the action until the ownership dispute is resolved in state court.

Because a stay will conserve the resources of the Court and the parties and because no party will be prejudiced by it, Trend Micro's motion is granted. The parties are directed to submit a joint case management statement within ten days of entry of judgment in the Barton '259 case, apprising the Court of the outcome of that case and proposing a method of proceeding with this lawsuit.

The hearing on the motion for a stay is vacated. However, the parties are still directed to appear for the case management conference on July 24, 2014 at 10:00 a.m. for the purpose of determining whether the related RPost cases should be stayed for the reasons set forth in this order.

**IT IS SO ORDERED.**

Dated: July 22, 2014

VINCE CHHABRIA
United States District Judge